```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION

JACK TYLER ENGINEERING             )
COMPANY, INC. a.k.a. and d.b.a.    )
JACK TYLER ENGINEERING             )
COMPANY,                           )
                                   )
     Plaintiff,                    )
                                   )
v.                                 ) No. 2:07-cv-2393-JPM-dkv
                                   )
ENVIRONMENT-ONE                    )
CORPORATION,                       )
                                   )
     Defendant.                    )
```
_____

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION
FOR ATTORNEYS' FEES, COSTS AND POST-JUDGMENT INTEREST**
_____

Before the Court is Plaintiff's Motion for Attorneys' Fees, Costs and Post-Judgment Interest (D.E. 151), filed April 17, 2009.  Defendant responded in opposition on May 4, 2009 (D.E. 159).  For the reasons that follow, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.

**I.   BACKGROUND**

Plaintiff filed this case in the Circuit Court of Shelby County, Tennessee on May 4, 2007, alleging breach of contract, violation of the Arkansas Franchise Practices Act ("Arkansas Act"), violation of T.C.A. § 47-25-1301 et seq ("Tennessee Act"), and unjust enrichment.  The case was subsequently removed to this Court.  On February 5, 2009, the Court granted summary

judgment for the Defendant on Plaintiff's breach of contract and Arkansas Franchise Practices Act claims (D.E. 106).  The remaining claims were tried before a jury in a four-day trial beginning March 30, 2009.

At trial, Plaintiff sought damages under the Tennessee Act for (1) termination of a retail agreement without good cause; (2) failure to provide at least ninety days' written notice of the termination and a sixty-day right to cure; and (3) failure to repurchase inventory maintained by the Plaintiff at the termination of the retail agreement.  Plaintiff also sought damages based on unjust enrichment.  During closing argument, defense counsel admitted that Defendant failed to provide adequate written notice in accordance with the Tennessee Act, but asked the jury to find that Plaintiff suffered only nominal damages as a result of that failure.

The jury returned a verdict in favor of Plaintiff, awarding damages on all three theories of recovery under the Tennessee Act.  The jury awarded Plaintiff $341,421.78 for termination of the retail agreement without good cause, $18,750.00 for failure to provide adequate notice and opportunity to cure, and $6,777.54 for failure to repurchase inventory.  In sum, the jury found that Plaintiff was entitled to $366,949.32 in damages for Defendant's violations of the Tennessee Act.  The jury found for Defendant on the unjust enrichment claim.

In the instant motion, Plaintiff asks the Court to award attorneys' fees of $223,050.00, calculated using the Lodestar method, plus $20,217.77 in costs. In the alternative, Plaintiff seeks $146,779.73 in attorneys' fees, calculated based on the contingency fee agreement, plus $20,217.77 in costs. Plaintiff also seeks post-judgment interest under T.C.A. § 47-14-122. Defendant does not dispute that Plaintiff is entitled to fees, but argues that the attorneys' fees should be reduced to reflect Plaintiff's limited success.

## II.  LEGAL STANDARD

Under the American Rule, each party ordinarily bears its own attorneys' fees "unless there is express statutory authorization to the contrary." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983)(citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240 (1975)). The Tennessee Act expressly authorizes the award of "all costs and attorneys' fees" to a retailer who prevails on a claim for damages against a supplier for violations of the Act. Tenn. Code Ann. § 47-25-1311.

In awarding attorneys' fees to prevailing parties, the Court is primarily concerned with whether the fee awarded is reasonable. Gonter v. Hunt Valve Co., Inc., 510 F.3d 610, 616 (6th Cir. 2007); Blum v. Stenson, 465 U.S. 886 (1984). "The starting point for determining the amount of a reasonable attorney fee is the 'lodestar' amount, which is calculated by

3

multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." Imwalle v. Reliance Med. Prods., Inc., 515 F.3d 531, 551-52 (6th Cir. 2008) (citing Hensley, 461 U.S. at 433). The Court may adjust the fee upward or downward based on the particular facts of the case, including the degree of success obtained. Hensley, 461 U.S. at 429-36.[1] Where a claimant has achieved only partial success, courts address two issues: "(1) whether the claims on which the plaintiff failed to prevail were or were not related to the claims on which he or she succeeded, and (2) whether the plaintiff achieved a sufficient degree of success to render the hours reasonably expended a satisfactory basis for awarding attorney fees." Imwalle, 515 F.3d at 552 (citing Hensley, 461 U.S. at 434).

> Where a plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply

---

[1] Other factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Hensley, 461 U.S. at 430 n.3 (citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)). Many of these factors are "subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." Id. at 434 n.9.

4

>   because the district court did not adopt each contention raised.

Hensley, 461 U.S. at 440.  There is no precise formula for arriving at reasonable attorneys' fees in a particular case.  The court must exercise its discretion and arrive at an equitable result.  Id. at 436-37.

**III. ANALYSIS**

Plaintiff's Motion seeks attorneys' fees, costs, and post-judgment interest.  The Court addresses each request in turn.

   **A.  Attorneys' Fees**

Plaintiff asks the Court to award $223,050 in attorneys' fees for the 764.70 hours of work reflected in the submitted billing statements.  Plaintiff's proposed fee reflects the following hourly rates: $300/hour for Tony L. Wilcox, $200/hour for Jeff Scriber, $200/hour for Brandon W. Lacy, and $300/hour for M. Scott Willhite.  Defendant has not opposed the reasonableness of these rates.

Defendant argues, however, that Plaintiff's proposed attorneys' fees calculation is unreasonably high because (1) it does not reflect Plaintiff's "limited" success; (2) the contingent fee agreement should set a ceiling for any fees awarded; and (3) the work of local counsel was duplicative of lead counsel's efforts.  The Court will address each argument in turn.

**a. Plaintiff's Level of Success**

Defendant argues that Plaintiff's attorneys' fees calculation should be reduced because Plaintiff achieved only limited or partial success. Defendant notes that Plaintiff succeeded on only 1 of the 4 claims in its complaint, succeeded on only 1 of the 2 claims remaining at trial, and recovered roughly 37% of the relief prayed for in its complaint. Defendant argues that fees and costs incurred in pursuit of Plaintiff's unsuccessful breach of contract, Arkansas Act, and unjust enrichment claims should be excluded because these claims were not related to the successful Tennessee Act claim.

According to Defendant, the billing records submitted by Plaintiff's counsel are inadequate and do not differentiate between hours worked on each claim. Defendant proposes that all costs and fees incurred prior to the Court's summary judgment order should be reduced by 75% to account for the fact that Plaintiff succeeded on only 1 of its 4 claims. Defendant further proposes that all costs and fees incurred between the summary judgment order and the jury verdict should be reduced by 50% to account for the fact that Plaintiff succeed on only 1 of its 2 claims at trial.

The Court disagrees. First, the Sixth Circuit has "repeatedly rejected mechanical reductions in fees based on the number of issues on which the plaintiff has prevailed." Imwalle

6

v. Reliance Med. Products, Inc., 515 F.3d 531, 554 (6th Cir. 2008)(quoting Déjà Vu of Nashville v. Metro. Gov't of Nashville and Davidson County, 421 F.3d 417, 423 (6th Cir. 2005)); see also DiLaura v. Township of Ann Arbor, 471 F.3d 666, 672 (6th Cir. 2006)(internal quotation marks omitted) ("A court should not reduce attorney fees based on a simple ratio of successful claims to claims raised.").

Second, Plaintiff's claims were related.  Claims are related for purposes of awarding attorneys' fees when they "'involve a common core of facts' are 'based on related legal theories' or when counsel's time is 'devoted generally to the litigation as a whole, making it difficult to divide the hours expended.'"  Barnes v. City of Cincinnati, 401 F.3d 729, 745 (6th Cir. 2005)(quoting Hensley, 461 U.S. at 433). Plaintiff's unsuccessful claims arise from the same core facts as its Tennessee Act claim such that counsel's efforts would reasonably have been devoted to working on the case as a whole, rather than to individual causes of action.  Furthermore, the claims sought an overlapping set of damages, all arising from Defendant's unlawful termination of the business relationship, such that Plaintiff's success on the Tennessee Act claim constituted substantial relief.

The Court notes that Plaintiff's counsel does not seek fees associated with opposing Defendant's successful motion for

7

summary judgment.[2]  In light of this reduction, the Court finds that Plaintiff's fee request appropriately and adequately accounts for Plaintiff's limited success.  With respect to the unsuccessful unjust enrichment claim, Defendant is correct that the damages related to the Somerville job and the Bauxite job would not have properly been awarded under the Tennessee Act.  Non-payment for the Somerville and Bauxite jobs, however, represents only a small portion of Plaintiff's unjust enrichment claim.  The crux of Plaintiff's unjust enrichment claim was that Plaintiff "actively created, at much cost and expense, a market for Defendant's products in Plaintiff's assigned territory," and that Defendant had "accepted and appreciated" the "great monetary benefit" conferred upon it by Plaintiff's efforts without compensating Plaintiff, such that it would be inequitable for Defendant to retain the benefits of Plaintiff's services.  (Compl. ¶ 74-75.)  The unjust enrichment claim was

---

[2] Although Defendant challenges the adequacy of this "carve-out" and Plaintiff's failure to offer billing records to show the actual contents of omitted billing entries, the Court finds that Plaintiff appropriately omitted time spent working on the unsuccessful summary judgment response.  Defendant filed its summary judgment motion on August 15, 2008.  Plaintiff's response and sur-reply were received on September 12, 2008 and October 10, 2008 respectively.  The Court has reviewed Plaintiff's submitted time entries for the relevant September and October 2008 time periods and concludes that there is not reason to doubt Plaintiff's assertion that entries related to the summary judgment filings were removed.  In the week leading up to the filing of Plaintiff's response, for example, the billing records show only two hours of billed time, none of which is related to the summary judgment motion.  The only time entries which reference the motion are an August 20, 2008 entry of .20 hours for time spent reviewing a letter from opposing counsel regarding verdict forms and the motion for partial summary judgment, and a February 6, 2009 entry of 1.6 hours spent reviewing the Court's Order on the motion.  Neither of these time entries reflect time spent in pursuit of the unsuccessful claims.

largely an alternative theory of recovery for the damages incurred as a result of Defendant's unlawful termination of the business relationship.  In light of Plaintiff's eventual success on the factually related Tennessee Act claims, the Court finds that Plaintiff achieved a "sufficient degree of success" to render the records submitted by Plaintiff's counsel a satisfactory basis for awarding fees and costs.  See Imwalle, 515 F.3d at 552; Hensley, 461 U.S. at 434.

### b. Contingency Fee Agreement

Alternatively, Defendant argues that Plaintiff's contingency fee agreement should set a ceiling for any fee award.  In Blanchard v. Bergerson, 489 U.S. 87 (1989), the Supreme Court held that "a contingent-fee agreement is not a ceiling upon the fees recoverable under [the Civil Rights Attorney's Fees Award Act]."  Id. at 96.  The Court is not persuaded by Defendant's attempt to distinguish Blanchard and to limit its holding to civil rights cases.  See Conference Consultants v. CSX Hotels, Inc., 167 F.3d 538 (5th Cir. 1998) (relying on Blanchard in breach of contract case to reject argument that contingency fee agreement sets cap for fee award).  The central issue in awarding attorneys' fees is "what is a reasonable fee under the circumstances of the case."  Blanchard, 489 U.S. at 96.  "The trial judge should not be limited by the contractual fee agreement between plaintiff and counsel."  Id.

9

Accordingly, the Court rejects Defendant's argument that the reasonable fee award cannot exceed the amount Plaintiff's counsel would have been entitled to under the contingency fee agreement.

### c. Billing Judgment

Next, Defendant argues that Plaintiff failed to use the required "billing judgment" by including fees for local counsel M. Scott Willhite's time at the March 19, 2009 pre-trial conference and during the four day trial. Defendant argues that "Mr. Willhite's participation in the litigation as an inactive observer" should be excluded because it reflects unnecessary duplication in effort. (Def.'s Resp. 15.)

The Court declines to find Mr. Willhite's participation as local counsel unnecessary. Familiarity with local rules and practice is often a significant aid to the successful prosecution of a civil jury case. Mr. Willhite's availability for consultation throughout the proceeding was neither "excessive, redundant, [n]or otherwise unnecessary." See Hensley, 461 U.S. at 434.

The Court notes, however, that Mr. Willhite's billing records indicate that he billed 6.2 hours to the pretrial conference, which lasted less than 1.5 hours. The Court does not doubt that the hours billed were spent on compensable work, but Plaintiff has not met its burden to present adequate billing

10

records to support the 4.7 additional hours billed to "pretrial conference."  See Moore v. Freeman, 355 F.3d 558 (6th Cir. 2004) ("[T]he attorney seeking compensation retains the burden of documenting the number of hours spent on the case and of maintaining records in a way that would allow a court to determine how much time was spent on each claim.").  Plaintiff's proposed attorneys' fee award, $223,050, will therefore by reduced by $1,140 (4.7 hours times $300/hour) for a total fee award of $221,910.

### d. The Amount of the Damages Award

Defendant also argues that the proposed fee award is too high because it represents approximately 66% of the damages award.  Taking the reduction for duplicative efforts into account, the attorneys' fees award is approximately 57% of the damages award.  The Court does not find this result unreasonable.  As Plaintiff correctly notes in its supporting brief, some of the time and costs incurred in this lawsuit might have been avoided if Defendant had made a more timely admission with respect to its failure to comply with the notice requirements of the Tennessee Act.  In light of Defendant's belated admission, the Court declines to conclude that Plaintiff's counsel spent too many hours working on this case.

### B. Costs

Plaintiff has submitted an itemized summary of costs, including expenses and advances, incurred in the successful prosecution of this case. Plaintiff's submissions indicate that Plaintiff incurred $20,217.77 in costs.[3] Defendant has not presented any arguments specific to a reduction in costs. The Court finds Plaintiff's proposed costs reasonable. For the reasons discussed in the Attorneys' Fees section, the Court declines to apply the pro rata reduction proposed by Defendants.

### C. Post-Judgment Interest

Plaintiff requests that the Court award post-judgment interest on the entire judgment amount, including attorneys' fees and costs. Defendant has not offered any reason why Plaintiff's request should not be granted. Under Tennessee law, the prevailing party is entitled to post-judgment interest at a rate of ten percent per annum. Tenn. Code Ann. § 47-14-122. Plaintiff's request for post-judgment interest of ten percent per annum on the entire judgment amount, including the Court's award of attorneys' fees and costs, is granted. Interest on the damages awarded at trial began accruing on April 3, 2009, the date of judgment. Interest on the attorneys' fees and costs

---

[3] In the final paragraph of Plaintiff's Brief in Support of Plaintiff's Motion for Attorneys' Fees, Costs and Post-Judgment Interest, Plaintiff identifies the amount of litigation costs as $19,659.78. The Court is unable to determine how Plaintiff reached this amount. The record supports a finding that costs equaled $20,217.77.

shall begin accruing today, July 31, 2009, the date of the judgment awarding attorneys' fees and costs.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.  Defendant is ORDERED to pay $242,127.77 to Plaintiff for attorneys' fees and costs.  Interest on this award shall accrue at ten percent per annum beginning today, July 31, 2009.

**IT IS SO ORDERED** this 31st day of July, 2009.

/s/ JON P. McCALLA
CHIEF JUDGE JON P. MCCALLA
UNITED STATES DISTRICT JUDGE